UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

_____

IN RE: YASMIN AND YAZ (DROSPIRENONE)  )  3:09-md-02100-DRH-PMF
MARKETING, SALES PRACTICES AND  )  MDL No. 2100
PRODUCTS LIABILITY LITIGATION  )
_____    ORDER GRANTING
DISMISSAL WITHOUT
PREJUDICE


**This Document Relates to:**

*Ashley Bopp v. Bayer Corp., et al.* No. 3:10-cv-12660-DRH-PMF

*Jennie Coachman v. Bayer Corp., et al.* No. 3:10-cv-11016-DRH-PMF

*Cora Gaudio v. Bayer Corp., et al.* No. 3:10-cv-10815-DRH-PMF

*Kathryn Harris v. Bayer Corp., et al.* No. 3:11-cv-10249-DRH-PMF

*Nina Kendrick v. Bayer Corp., et al.* No. 3:10-cv-13586-DRH-PMF

*Meagan Moore v. Bayer Corp., et al.* No. 3:10-cv-12696-DRH-PMF

*Paulette Morgan as survivor for Decedent Alice Morgan v. Bayer HealthCare Pharmaceuticals, Inc., etal.*No. 3:10-cv-12864-DRH-PMF

*Nicole Powell v. Bayer Corp., et al.* No. 3:10-cv-11030-DRH-PMF

*Janessa Turner v. Bayer HealthCare Pharmaceuticals, Inc., et al.* No. 3:10-cv-12555-DRH-PMF

*Tereasa Turner v. Bayer Corp., et al.* No. 3:10-cv-11105-DRH-PMF

## ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendant Bayer HealthCare Pharmaceuticals Inc. motion, pursuant to Case Management Order 12 ("CMO 12"),[1] for an Order dismissing plaintiffs' claims, in the above-captioned matters, without prejudice for failure to comply with their Plaintiff Fact Sheet ("PFS") obligations.[2]

Under Section C of CMO 12, each plaintiff is required to serve defendants with a completed PFS, including a signed declaration, executed record release authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

---

[1] The Parties negotiated and agreed to CMO 12, which expressly provides that the discovery required of plaintiffs is not objectionable. CMO 12 § A(2).

[2] Bayer filed identical motions and exhibits in each of the above captioned member actions. For ease of reference, the Court cites the document number and exhibits in the first member action listed on the caption, *Ashley Bopp v. Bayer Corp., et al.* No. 3:10-cv-12660-DRH-PMF (Doc. 6 and Exhibits attached thereto). The motion to dismiss also sought dismissal of member actions *Anesia McMillan v. Bayer Corp., et al.* No. 3:10-cv-13252-DRH-PMF. *Sandra Molina v. McKesson Corp., et al.* No. 3:10-cv-20374-DRH-PMF, and *Janie Turnamian v. Bayer Corp., et al.* No. 3:11-cv-10333-DRH-PMF. The motions to dismiss in these member actions, however, were subsequently withdrawn. In addition, the motion to dismiss sought dismissal of member actions *Monica Layne v. McKesson Corp., et al.* No. 3:10-cv-20383-DRH-PMF and *Marlayna Pepper v. Bayer Corp., et al.* No. 3:10-cv-13735-DRH-PMF. These member actions were subsequently closed pursuant to the parties' stipulations of dismissal without prejudice.

Accordingly, plaintiffs in the above-captioned matters were to have served completed PFSs on or before May 15, 2011. *See* Exhibit A. Per Section E of CMO 12, Notice of OverdueDiscovery was sent on June 6, 2011. *See* Exhibit B. As of today's date, the plaintiffs in the above-captioned matters still have not served completed PFSs. Plaintiffs' completed PFSs are thus more than one month overdue.

Under Section E of CMO 12, **plaintiffs were given 14 days from the date of Bayer's motion**, in this case 14 days from June 30, 2011, to file a response either certifying that they served upon defendants and defendants received a <u>completed</u> PFS, and attaching appropriate documentation of receipt or an opposition to defendant's motion.[3]

To date, none of the plaintiffs in the above captioned member actions has filed a response. Because the Plaintiffs in the above captioned cases have failed to respond to Bayer's allegations, the Court finds that these plaintiffs have

---

[3] Responses to Bayer's motion to dismiss were due 14 days from June 30, 2011 regardless of any response date automatically generated by CM/ECF. The Court has previously noted in orders in this MDL and during a status conference in this MDL that <u>**when deadlines provided by CM/ECF conflict with orders of this Court, the Court ordered deadline will always control**</u>. *See* **United States District Court for the Southern District of Illinois, Electronic Filing Rules, Rule 3 (The "filer is responsible for calculating the response time under the federal and/or local rules. The date generated by CM/ECF is a guideline only, and, if the Court has ordered the response to be filed on a date certain, the Court's order governs the response deadline.").** The deadlines provided by CM/ECF are generated automatically based on the generic responsive pleading times allowed under the rules and do not consider special circumstances (such as court orders specific to a particular case or issue).

failed to comply with their PFS obligations under CMO 12. Accordingly, the Court hereby **ORDERS** as follows:

- The **above captioned member actions** are **DISMISSED WITHOUT PREJUDICE** for failure to comply with the requirements of CMO 12.
- **Further,** the Court reminds plaintiffs that, pursuant to CMO 12 Section E, **unless plaintiffs serve defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a<u>Dismissal With Prejudice</u> upon defendants' motion**.

**SO ORDERED**

Digitally signed by David R. Herndon
Date: 2011.07.21 09:36:11 -05'00'

**Chief Judge**  **Date: July 21, 2011**
**United States District Court**